UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:14CV-977-JHM

**KENTUCKY FARM BUREAU**
**MUTUAL INSURANCE COMPANY**                                        **PLAINTIFF**

**VS.**

**UNITED STATES**                                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, United States, to dismiss the Complaint against it pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [DN 15]. On March 9, 2015, Plaintiff, Kentucky Farm Bureau Mutual Insurance Company ("Farm Bureau"), filed an unopposed motion to extend the deadline to respond to March 19, 2015. Although Plaintiff's motion was granted [DN 17], it has failed to file a responsive motion. On these facts, Defendant's motion is ripe for review.

**I. BACKGROUND**

This claim arises out of a motor vehicle accident that occurred on December 23, 2011 in Jefferson County, Kentucky. Plaintiff, Farm Bureau, alleges that Aaron Johnson "negligently and carelessly operated a motor vehicle as to cause it to collide with a vehicle owned by an insured of the Plaintiff." [Complaint, DN 1-1, at ¶ 3]. On October 28, 2014, Plaintiff filed a Complaint in Jefferson Circuit Court that named Aaron Johnson as a defendant and sought reparation benefits.

The United States filed a Notice of Removal on December 22, 2014, which stated that during the time of the incident alleged in Plaintiff's Complaint, Johnson was acting in the scope of his employment with the Postal Service. [Notice of Removal, DN 1, at ¶ 4]. Then, on January

27, 2015, the Court granted Defendant's motion to substitute Aaron Johnson for the United States as the sole defendant pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 ("the Westfall Act"). [Order, DN 12]. Defendant, United States, now moves to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," American Telecom Co., L.L.C. v. Republic of Lebanon, 501 F.3d 534, 537 (6th Cir.2007) (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," Schultz v. General R.V. Center, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir.2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." Gentek Bldg. Products, Inc. v. Sherwin–Williams Co., 491 F.3d 320, 330 (6th Cir. 2007). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

## III.  ANALYSIS

"The Westfall Act immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment." Rector v. United States, 243 Fed. Appx. 976, 978 (6th Cir. 2007) (citing 28 U.S.C. § 2679(b)(1)).  The exclusive remedy for torts

committed by a federal employee acting within the scope of employment is sought against the United States pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 2671-2680. Id. "When the employee acts outside the scope of employment, however, a private tort action can be brought against the employee." Id. However, in instances where the U.S. Attorney General or his delegate certifies that the employee was acting in the scope of his employment, "the certification provides *prima facie* evidence that the individual was acting within the scope of employment, placing the burden on the plaintiff to present evidence to the contrary." Id. (citing RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1143 (6th Cir. 1996)). Here, the United States has provided such certification. [Certification, DN 1-2]. Plaintiff has not filed any brief or document to rebut Defendant's claim. Therefore, the Court must presume that Aaron Johnson was acting within the scope of his employment.

Although the FTCA provides an avenue for a private party to bring suit against the United States, the party must "have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675; see also Rector, 243 Fed. Appx. at 979. "These conditions are jurisdictional requirements, not capable of waiver or subject to estoppel." Garrett v. United States, 640 F.2d 24, 26 (6th Cir. 1981) (citing Executive Jet Aviation, Inc. v. United States, 507 F.2d 508, 515 (6th Cir. 1974)). Defendant argues that Plaintiff has not exhausted its administrative remedies. Plaintiff's Complaint is devoid of any allegation that it pursued administrative remedies. Further, Defendant provides a declaration by Kimberly Herbst, the Supervisor, Tort Claims Examiner/Adjudicator with the United States Postal Service National Tort Center, who states that the United States never received any claim by Plaintiff. Because there is no evidence that Plaintiff exhausted its administrative remedies, this Court lacks subject

3

matter jurisdiction. See Allison v. Gay, 50 Fed. Appx. 719, 720 (6th Cir. 2002). Also, due to a lack of subject matter jurisdiction, the Court finds no reason to address Defendant's grounds for dismissal based on Fed. R. Civ. P. 12(b)(6). Moir v. Greater Cleveland Regional Transit Authority, 895 F.2d 266, 269 (6th Cir. 1990) ("[W]e are bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction." (citing Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)).

## IV. CONCLUSION

For the foregoing reasons, the motion by Defendant, United States, to dismiss the Complaint against it [DN 15] is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

April 7, 2015

cc: counsel of record